(No. 4273- )

HARRY W. HOPPER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

D. W. JOHNSTON, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Harry W. Hopper, was on September 21, 1949, employed by the respondent in the Department of Public Works and Buildings. On September 21, 1949, the claimant was in the course of his employment assisting in cleaning culverts when a steel cable broke, striking the claimant over his left eye. The blow caused a cut over his left eye about two inches in length. At the time claimant became employed by respondent, he was blind in the left eye. Claimant was treated by Dr. J. J. Grondone, who stated in his report, dated October 29, 1949, that claimant suffered no permanent disability. The only claim that can be made as a result of the injury is a disfigurement scar about two inches in length over claimant's left eye.

Claimant was first employed by the respondent on August 16, 1949, as a common laborer at a wage of $1.00 an hour. Other Division employees working in the same capacity as claimant ordinarily work less than 200 days a year. Therefore, under Section 10 of the Act claimant is presumed to have earned $1,600.00 for the year preceding his injury.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment. Respondent furnished complete medical and hospital treatment. The only question is the extent of disability suffered by claimant. At the time of the accident claimant had one child under the age of sixteen years.

From the evidence and the Commissioner's observations, claimant is entitled to an award of 10 per cent (10%) of the amount allowed under Section 8, Paragraph (c) of the Workmen's Compensation Act. Claimant had one child under the age of sixteen years. Under Section 7, Paragraph (k), (3), the death benefit would be $4,450.00 increased 50 per cent, since the accident occurred after July 1, 1949, or a sum of $6,675.00. Disfigurement under Section 8, Paragraph (c) equals ¼ of the amount payable as a death benefit of $1,668.75. For 10 per cent disfigurement, therefore, claimant should be allowed the sum of $166.88.

An award is, therefore, entered in favor of claimant, Harry W. Hopper, in the sum of $166.88, all of which has accrued and is payable forthwith.

Harry L. Livingstone was employed to take and transcribe the evidence at the hearing before Commissioner Summers, and charges in the amount of $41.40 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Harry L. Livingstone in the amount of $41.40, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."